## GHERKEY *v.* HAINES.

The inquest, in the case of a writ of *ad quod damnum*, must distinctly state whether, in the opinion of the jury, the health of the neighbourhood will be annoyed by the stagnation of the water, which the contemplated dam may occasion.

ERROR to the *Delaware* Circuit Court.

DEWEY, J.—This was an application by the defendant in error to the *Delaware* Circuit Court, for a writ of *ad quod damnum.*

The petition states that the applicant was the owner of a tract of land (describing it) on the margin of *White* river, in said county; that he was desirous of erecting a dam across said river on said land for the purpose of building a water saw-mill; and that the land on the opposite side of the river, where he proposed to abut his dam, was owned by the plaintiff in error. He therefore prayed for the writ of *ad quod damnum*, "agreeably to the statute in such case made and provided."

The plaintiff in error appeared in the Court below, and put in four special pleas to the petition. Two of them were demurred to; and there was a joinder in the demurrer. The other two were answered by replications, to which there was

a demurrer, and joinder therein. The first demurrer was sustained, and the second overruled by the Circuit Court; whereupon a writ of *ad quod damnum* was awarded. The sheriff returned into Court the inquest of the jury, which had been summoned upon the writ. The inquest after reciting preliminary proceedings, and the appraising and setting off, by metes and bounds, one acre of land belonging to the plaintiff in error for the abutment of the proposed dam, proceeds to state, that "after examining all the lands above and below the said proposed dam, we the jury do find that there will no damage accrue to any of them, or the owners of the same, by reason of the stagnation or overflowing of the water; and further that neither ordinary navigation, nor fish of passage, will be obstructed by the said dam." The Circuit Court granted the prayer of the petitioner, and gave judgment in his favour.

It is unnecessary to examine any point arising from the pleadings in the Court below, as the whole was irregular, and unauthorised by the statute regulating writs of *ad quod damnum*, and must be considered as surplusage in the record. The course prescribed by that statute is, that the Circuit Court shall order the writ to issue upon a proper application for it; the sheriff to whom the writ may be directed shall summon a jury; they having discharged their duty, the sheriff shall, at the next succeeding term, return their inquest into Court. After this shall have been done, steps shall be taken to call all parties interested in the proceedings into Court, that they may urge their various rights. Rev. Code, 1831, p. 65 (1).

Among the many errors assigned for the purpose of reversing the judgment of the Circuit Court, it will be necessary to attend only to that which objects to the sufficiency of the inquest. By the statute referred to, it is made the imperative duty of the jury of examination, among other things, to say in their inquest whether in their opinion "the health of the neighbours will be annoyed by the stagnation of the waters," which may be occasioned by the contemplated dam. This, in our opinion, has not been done in the present case. The inquest does, indeed, state that no damage will be done to the lands above or below the place designed for the dam, nor "to the owners of the same, by reason of the stagnation or overflowing of the water." No rational construction can make this lan-

guage mean, that the health of the neighbourhood which may exist around the water obstructed by the dam, will not be endangered by its stagnation.

*Per Curiam.*—The judgment is reversed, and the proceedings subsequent to the petition set aside, with costs. Cause remanded, &c.

*M. M. Ray* and *J. B. Ray*, for the plaintiff.
*C. B. Smith*, for the defendant.

(1) Accord. Rev. Stat. 1838, p. 59.